PAUL K. CHARLTON
United States Attorney
District of Arizona
ERIC MARKOVICH
Assistant U.S. Attorney
Evo A. DeConcini Federal Courthouse
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | CR05-1420-TUC-JMR(HCE) |
| v. | ) | **PLEA AGREEMENT** |
| **Shirley Jean Weber,** | ) | Case No. |
| Defendant. | ) | |

The United States of America and defendant agree to the following disposition of this matter:

1. The defendant agrees to plead guilty to Count One the Indictment, which charges the defendant with a felony violation of Title 18, United States Code, Section 661, Larceny Within the Special Maritime and Territorial Jurisdiction of the United States.

2. The essential elements of the charge to which the defendant is pleading guilty are:

    (a) at a place within the special maritime and territorial jurisdiction of the United States;

    (b) knowingly taking and carrying away, with the intent to steal and purloin, the personal property of another whose value exceeds $1,000.

## TERMS

3. The defendant understands that her guilty plea is conditioned upon the following terms, stipulations, and requirements:

*Markovich, Alvarez, PO*

## Maximum Penalties

a. A violation of Title 18, United States Code, Section 661 is punishable by a fine of $250,000.00, a term of 5 years imprisonment, or both, and a period of not more than three (3) years supervised release.

b. Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

c. Pursuant to 18 United States Code, Section 3013, the defendant shall pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## Agreements Regarding Sentence

4. Pursuant to Fed. R. Crim. P. 11(e)(1)(C), in exchange for defendant's guilty plea to Count One of the Indictment, the parties stipulate and agree to a sentence of probation. Defendant also agrees to make full restitution to the victim in an amount calculated by the Probation Office.

5. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(e)(4), an opportunity to withdraw the guilty plea.

6. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

## Wavier of Defenses and Appeal Rights

7. The defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the Indictment or to the

Court's entry of judgment against defendant and imposition of sentence upon defendant consistent with the agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment against her; (2) any right to appeal the imposition of sentence upon her under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255.

### Reinstitution of Prosecution

8. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Disclosure of Information to U.S. Probation Office

9. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

   a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines;

   b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution;

   c. All history of drug abuse which would warrant a treatment condition as part of sentencing; and

   d. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### Effect on Forfeiture Proceedings

10. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or

initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Wavier of Rights

11. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, to be presumed innocent until proven guilty beyond a reasonable doubt, and to appeal.

12. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

13. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

14. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guideline range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

15. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

16. I am satisfied that my defense attorney has represented me in a competent manner.

17. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On or about May 25, 2001, at or near Tucson, in the District of Arizona, the defendant, SHIRLEY JEAN WEBER, at a place within the special maritime and territorial jurisdiction of the United States, namely, the Raytheon Missile Systems Plant, Building 801, 1151 East Herman Road, Tucson, Arizona, wrote out a check made payable to herself in the amount of $1,748.50, which was drawn on the Wells Fargo Bank account of the American Federation of Government Employees ("AFGE"), Local 3973. Weber then negotiated this check and deposited it into her personal bank account. Weber wrote and cashed this check knowing that she was not entitled to these funds, which were to be used for AFGE expenses.

11-30-05
Date

*Shirley J. Weber*
Shirley Jean Weber
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this

agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P.

__11-30-05__  
Date

__[signature]__  
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON  
United States Attorney  
District of Arizona

__11/30/05__  
Date

__[signature]__  
Eric Markovich  
Assistant U.S. Attorney

6